Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. (602) 274-5400
jdessaules@dessauleslaw.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Espinoza,<br><br>          Plaintiff,<br>     v.<br><br>Experian Information Solutions, Inc.,<br><br>          Defendant. | Case No. 2:17-cv-01977-PHX-DLR (BSB)<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF THE FCRA**<br><br>Complaint Filed:  June 22, 2017 |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Wendy Espinoza's ("Plaintiff") Complaint (the "Complaint") as follows:

## **INTRODUCTION**

1.   In response to paragraph 1 of the Complaint, Experian admits that Plaintiff Wendy Espinoza ("Plaintiff") purports to assert a consumer class action and that her Complaint alleges violations of the FCRA against Experian relating to the publishing of civil judgment information about her.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 1 of the Complaint.

2.   In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein

and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION

3.   In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681and 28 U.S.C. § 1331.  Experian states this is a legal conclusion that is not subject to admission or denial.

4.   In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper.  Experian states this is a legal conclusion that is not subject to admission or denial.

## PARTIES

5.   In response to paragraph 5 of the Complaint, Experian states whether the Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion that is not subject to denial or admission.  As to the remaining allegations of paragraph 5, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint and therefore denies each and every allegation contained therein.

6.   In response to paragraph 6 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Experian further admits that it is incorporated in Ohio, with its principal place of business in Costa Mesa, California, and is qualified to do business and conducts business in the State of Arizona.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.   In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein

and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.   In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.   In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian admits that it has utilized the services of vendors to obtain certain consumer information, including public record data.  In turn, Experian publishes, under some circumstances, certain consumer public records data to third parties.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 12 inconsistent therewith.  Subject to this, Experian admits that it has utilized the services of vendors to obtain certain consumer information, including public records data.  In turn, Experian, under some circumstances, publishes certain records data to third parties.

Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

**CLASS ACTION CLAIM**

**Violations of the FCRA, 15 U.S.C. § 1681e(b)**

15.     Experian incorporates by reference its responses to all the above paragraphs of this Answer as though fully stated herein.

16.     In response to paragraph 16 of the Complaint and subsections (1) through (5), Experian admits Plaintiff seeks to bring this action on behalf of herself and a putative class or subclasses as described in paragraph 16.  Experian denies that the proposed class or subclasses satisfy the requirements of Federal Rule of Civil Procedure 23 or are otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.

17.     In response to paragraph 17 of the Complaint, Experian states that the allegations contained in paragraph 17 are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that the putative class is so numerous that joinder of all is impractical or that the names and addresses of the putative class members are readily identifiable.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained in paragraph 17 of the Complaint.

4

18.    In response to paragraph 18 of the Complaint and subparts (a) through (c), Experian states that the allegations contained in paragraph 18 are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that there are common questions of law and fact involved, or that any common issues predominate over individual questions.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.   Experian denies, generally and specifically, the remaining allegations contained in paragraph 18 of the Complaint.

19.    In response to paragraph 19 of the Complaint, Experian states that the allegations contained in paragraph 19 are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that Plaintiff is typical of putative class members of the putative class.  Experian also denies that Plaintiff suffered harm as a result of Experian's conduct.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.   Experian denies, generally and specifically, the remaining allegations contained in paragraph 19 of the Complaint.

20.    In response to paragraph 20 of the Complaint, Experian states that the allegations contained in paragraph 20 are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that Plaintiff will fairly and adequately represent and protect the interests of members of the putative class, and denies that Plaintiff does not have interests antagonistic to any putative class member. Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that

this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained in paragraph 20 of the Complaint.

21.    In response to paragraph 21 of the Complaint, Experian states that the allegations contained in paragraph 21 are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that the disposition of putative class members' claims in a class action will provide substantial benefits to the parties or the court.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained in paragraph 21 of the Complaint.

22.    In response to paragraph 22 of the Complaint, Experian states that the allegations contained therein are legal conclusions, which Experian is not required to deny or admit.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

23.    In response to paragraph 23 of the Complaint, Experian states that the allegations contained therein are legal conclusions, which Experian is not required to deny or admit.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

24.    In response to paragraph 24 of the Complaint, Experian states that the allegations contained therein are legal conclusions, which Experian is not required to deny or admit.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

25.    In response to paragraph 25 of the Complaint, Experian states that the allegations contained therein are legal conclusions, which Experian is not required to

deny or admit.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

26.    In response to paragraph 26 of the Complaint, Experian states that the allegations contained therein are legal conclusions, which Experian is not required to deny or admit.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO REQUEST FOR RELIEF

In response to the unnumbered request for relief on page 7 of the Complaint and subsections (A) through (E), Experian denies that Plaintiff is entitled to any damages or other relief against Experian as set forth in her prayer for relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

In response to the unnumbered paragraph entitled "Demand for Jury Trial" on page 7 of the Complaint, Experian admits Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Experian alleges the following distinct affirmative defenses, without conceding that Experian bears the burden of proof or persuasion as to any of them:

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM AGAINST EXPERIAN)

1.    The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Experian.

## SECOND AFFIRMATIVE DEFENSE

### (IMMUNITY)

2.     Plaintiff and the putative class members' claims are barred as against Experian by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

### (WAIVER)

3.     Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (TRUTH/ACCURACY)

4.     Plaintiff's and the putative class members' claims are barred as against Experian because all information Experian communicated to any third person regarding Plaintiff was true.

## FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

5.     Plaintiff and the putative class members have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

### (LACHES)

6.     The Complaint and each claim for relief therein is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

7.     Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff and the putative class members was, at least in part, caused by the actions of Plaintiff and the putative class members themselves and resulted

from Plaintiff's or the putative class members' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

8.     Any damages that Plaintiff and the putative class members may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff and the putative class members.  Therefore, Plaintiff and the putative class members are estopped and barred from recovery of any damages whatsoever as against Experian.

## NINTH AFFIRMATIVE DEFENSE

### (INTERVENING CAUSE)

9.     Plaintiff's and the putative class members' alleged damages, which Experian continues to deny, were not caused by Experian but by an independent intervening cause, including but not limited to accurate negative information regarding Plaintiff and the putative class members.

## TENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

10.     The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

11.     Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff and the putative class members are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

1
2

## TWELFTH AFFIRMATIVE DEFENSE
## (IMPROPER REQUEST FOR PUNITIVE DAMAGES)

3   12.   Plaintiff's and the putative class members' Complaint does not allege facts
4   sufficient to rise to the level of conduct required to recover punitive damages, and thus all
5   requests for punitive damages are improper.

6   ## THIRTEENTH AFFIRMATIVE DEFENSE
7   ## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

8   13.   Experian reserves the right to assert additional affirmative defenses at such
9   time and to such extent as warranted by discovery and the factual developments in this
10  case.

11  ## PRAYER FOR RELIEF

12  WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

13  1.   That Plaintiff take nothing by virtue of the Complaint herein and that this
14  action be dismissed in its entirety;

15  2.   For costs of suit and attorneys' fees herein incurred; and

16  3.   For such other and further relief as this Court may deem just and proper.

17  DATED this 14th day of July, 2017.

18
19                          DESSAULES LAW GROUP

20
21                          By: */s/ Jonathan A. Dessaules*
                                Jonathan A. Dessaules
22
                                Attorneys for Defendant Experian
23                              Information Solutions, Inc.

24
25
26

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David Ali Chami
Price Law Group, APC
1204 E. Baseline Road, Suite 102
Tempe, Arizona 85283
*Attorney for Plaintiff*

/s/ Victoria Saint Amour

11