1
2
3
4

Jonathan A. Dessaules
Dessaules Law Group
5353 North 16th Street, Suite 110
Phoenix, AZ  85016
Telephone:      (602) 274.5400
Facsimile:      (602) 274.5401
Email:            jdessaules@dessauleslaw.com

5
6
7
8
9

John A. Vogt (admitted *pro hac vice*)
Ann T. Rossum (admitted *pro hac vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:      (959) 851.3939
Facsimile:      (949) 553.7539
Email:            javogt@jonesday.com
Email:            atrossum@jonesday.com

10
11

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

12

**UNITED STATES DISTRICT COURT**

13

**FOR THE DISTRICT OF ARIZONA**

14

15
16
17
18
19
20

| | |
|---|---|
| WENDY ESPINOZA, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:17-cv-01977-PHX-DLR (BSB)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br><br><br>Complaint Filed:    June 22, 2017 |

21
22
23
24

IT IS HEREBY STIPULATED by and between Plaintiff Wendy Espinoza and Defendant

Experian Information Solutions , Inc. ("Experian"), through their respective attorneys of record,

as follows:

25
26
27
28

WHEREAS, documents, testimony and information have been and may be sought,

produced or exhibited by and among the parties relating to trade secrets, proprietary systems,

confidential applicant or employee information, confidential commercial information,

confidential research and development, or other proprietary information belonging to Experian

1

2

and/or credit and other confidential information of Plaintiff and third parties whose information

may be disclosed during the discovery process.

3

THEREFORE, this Court orders as follows:

4

1.        This Order shall govern the use, handling and disclosure of all documents,

5

testimony or information produced or given in this action that are designated to be subject to this

6

Order.

7

2.        Any documents, testimony or information submitted, either voluntarily or pursuant

8

to any subsequent order, which is asserted in good faith by the producing party or by any other

9

party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or

10

other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial

11

and shall be segregated from other information being submitted. Materials so designated shall be

12

clearly marked on their face with the legend: "CONFIDENTIAL. "Such documents, transcripts,

13

or other materials are referred herein as "CONFIDENTIAL MATERIAL."

14

3.        A party wishing to designate portions of a deposition transcript CONFIDENTIAL

15

MATERIAL or pursuant to this Order must, within 2 business days from the conclusion of the

16

deposition, order the original or a copy of the transcript of the deposition from the court reporter

17

for regular turnaround. The designating party may designate those portions of the transcript

18

CONFIDENTIAL MATERIAL, in accordance with paragraph 2 of this Order.  The designating

19

party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon

20

all counsel of record via facsimile or other electronic transmission a Notice setting forth the page,

21

line numbers and designation. The designating party must serve such Notice within 14 calendar

22

days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as

23

confidential until the expiration of the 14-day period described in this paragraph. Any portions of

24

a transcript designated as confidential shall thereafter be treated as confidential in accordance

25

with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this

26

paragraph in situations where a more expedited filing of a designated portion of the deposition

27

transcript is required.

28

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-01977-PHX-DLR (BSB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.       All CONFIDENTIAL MATERIAL, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5.       The Parties agree that CONFIDENTIAL MATERIAL produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

6.       Subject to paragraphs 9 and 10, except with prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any CONFIDENTIAL MATERIAL shall not be disclosed to any person other than: (i) the parties and their attorneys and support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) experts specifically retained as consultants or expert witnesses in connection with this litigation disclosed experts and their staff employed for this litigation; except that a party may disclose its own CONFIDENTIAL MATERIAL to an expert who may not be identified as a testifying expert; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7.       Subject to paragraphs 9 and 10, CONFIDENTIAL MATERIAL shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL

MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8.    No person receiving or reviewing CONFIDENTIAL MATERIAL shall disseminate or disclose them to any person other than those described above in paragraphs 6 through 8.

9.    Except as provided in paragraph 10, in the event that any party disagrees with any designation made under this Order, that party shall bring it to the attention of the designating party within a reasonable time after discovering their disagreement. The parties shall first attempt in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice.   The designating party shall have the right to move the Court to retain the designated status of such materials.  If the designating or objecting party files such a motion within the ten (10) day period, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order, until the Court has ruled on the pending motion.

10.    In the event that any party disagrees with any designation made under this Order with regard to documents that:  (1) already were produced in Clark v. Experian Information Solutions, Inc. or Brown v. Experian Information Solutions, Inc., (2) were designated as CONFIDENTIAL in either of those actions, and (3) were re-produced with such designations in

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

this action, it shall be the burden of the receiving party to challenge the designation.   In that event, the receiving party shall bring it to the attention of the designating party within a reasonable time after discovering their disagreement.  The parties shall first attempt in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall have the right to move the Court to challenge the designated status of such materials.   Until the Court rules on that motion, the receiving party shall continue to treat the challenged documents as "Confidential" subject to the provisions of this Protective Order. Subject to paragraphs 9 and 10, to the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of Civil Local Rule 5.6.

11.      Subject to paragraphs 9 and 10, within sixty (60) days after the conclusion of this case, a party may request that the other party assemble and return to the designating party all materials containing information designated in accordance with paragraph 2, above.  The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed.

12.      The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIAL by a producing party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter. If a party has inadvertently produced information subject to a claim of privilege or immunity, the receiving party, upon request, or, on its own initiative as such time as the receiving party reasonably and in good faith believes itself to

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-01977-PHX-DLR (BSB)

1

2
be in possession of inadvertently produced materials subject to a claim of privilege or immunity,

3
whichever occurs first, shall promptly return the inadvertently produced materials, and all copies

4
of those materials that may have been made and any notes regarding those materials shall be

5
destroyed. The party returning such information may move the Court for an order compelling

6
production.

7
        13.     Nothing in this Protective Order shall be construed to prevent a party or a nonparty

8
from seeking such further provisions regarding confidentiality as may be appropriate or from

9
seeking an amendment or modification of the existing terms of this Protective Order upon proper

10
notice, motion and showing.

11
        14.     Nothing in this Protective Order shall be deemed a waiver by a party of any

12
objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

13
        15.     Except as to documents filed with the Court, this Order shall remain binding after

14
the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain

15
jurisdiction over all parties bound hereby for the purposes of enforcing this Order.  Each

16
individual signing the acknowledgement attached as Exhibit A agrees to be subject to the

17
jurisdiction of this Court for purposes of this Order.

18
        16.     This Order does not prevent any party from seeking to seal trial transcripts and/or

19
trial exhibits, including documents previously filed under seal, or from seeking any other similar

20
relief.

21
        17.     Neither the entry of this Order, nor the designation of any material as

22
"CONFIDENTIAL" nor the failure to make such designation, shall constitute evidence on any

23
issue in this case. The designation of any materials as "CONFIDENTIAL MATERIAL" does not

24
waive that party's objection to any discovery on the ground that it seeks information protected by

25
Federal Rule of Civil Procedure 26(c) or other provision of law.

26
        18.     Nothing herein shall affect or restrict the rights of any party with respect to its own

27
documents or to the information obtained or developed independently of materials afforded

28
confidential treatment pursuant to this Order.

1

2       19.     The Court may impose appropriate sanctions for the disclosure of Confidential

3   Information in violation of this Protective Order or for the improper designation of documents or

4   testimony pursuant to this Protective Order.

        **IT IS SO STIPULATED.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Dated:  August 23, 2017

2

3                                                        By: */s/ David Ali Chami*
                                                             David Ali Chami
                                                             PRICE LAW GROUP, APC
4                                                            1204 E. Baseline Road, Suite 102
                                                             Tempe, Arizona 85283
5                                                            Email:  david@pricelawgroup.com
                                                             Tel:  866-881-2133
6                                                            Fax: 866-401-1457

7                                                            Susan Mary Rotkis
                                                             CONSUMER LITIGATION ASSOCIATES
8                                                            WEST, PLLC
                                                             382 S. Convent Avenue
9                                                            Tucson, Arizona 85701
                                                             Email:  srotkis@clalegal.com
10                                                           Tel:  520-622-2481
                                                             Fax:  520-844-6707

11                                                           *Attorneys for Plaintiff*
                                                             *WENDY ESPINOZA*
12  Dated:  August 23, 2017

13

14                                                       By: */s/ John A. Vogt*
                                                             John A. Vogt
                                                             Ann T. Rossum
15                                                           *Admitted Pro Hac Vice*
                                                             JONES DAY
16                                                           3161 Michelson Drive, Suite 800
                                                             Irvine, CA  92612
17                                                           Email:  javogt@jonesday.com
                                                             Email:  atrossum@jonesday.com
18                                                           Telephone:  (949) 851-3939
                                                             Facsimile:  (949) 553-7539
19
                                                             Jonathan A. Dessaules, Esq.
20                                                           DESSAULES LAW
                                                             5353 North 16th Street, Suite 110
21                                                           Phoenix, AZ  85016
                                                             Email:    jdessaules@dessauleslaw.com
22                                                           Telephone:  (602) 274-5400
                                                             Facsimile:  (602) 274-5401

23                                                           *Attorneys for Defendant*
                                                             *EXPERIAN INFORMATION SOLUTIONS,*
24                                                           *INC.*

25  **IT IS SO ORDERED.**

26  Date: _____, 2017

27                                                       _____

28                                                       United States Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____, being duly sworn, declare as follows:

My address is _____.

My present employer is _____. My

present occupation or job description is_____.

I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order

("Protective Order") in *Wendy Espinoza v. Experian Information Solutions, Inc.*, Case No. 2:17-

cv-01977-PHX-DLR (BSB); (ii) I carefully read the Protective Order; and (iii) I understand and

am familiar with the terms of the Protective Order.

I will comply with all of the provisions of the Protective Order. I will hold all Confidential

Materials disclosed to me, including the substance and any copy, summary abstract, excerpt,

index or description, in confidence, and will not disclose such material to anyone not qualified

under the Protective Order. I will not use any Confidential Material disclosed to me for any

purposes other than this case.

I will return all Confidential Material that comes into my possession and all documents

and things that I have prepared relating thereto, to counsel for the Party by who I am retained or

employed, or from whom I received such material.

I hereby submit to the jurisdiction of the United States District Court for the District of

Arizona for the purpose of enforcement of the Protective Order in this case.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my Arizona agent for service of process in connection with this action or any

proceedings related to enforcement of this Order.

1
2

I declare under the penalty of perjury that the foregoing is true and correct.

3

4

Date: _____

5

City and State where sworn and signed: _____

6

7

Printed name: _____

[printed name]

8

Signature: _____

9

[signature]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-01977-PHX-DLR (BSB)

- 10 -